UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHILLIP HARRIS,**<br><br>    **Plaintiff,**<br>        v.<br><br>**CITIMORTGAGE, INC.,**<br><br>and<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.**<br><br>    **Defendants.** | Civil Action No. 11-1591 (BJR)<br><br>MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

This action arises from transactions surrounding the mortgage of Phillip Harris's residential property ("the property"), located at 1711 Stanton Terrace SE in the District of Columbia. Harris alleges that defendants CitiMortgage, Inc. ("CMI") and Mortgage Electronic Registration System, Inc. ("MERS") (collectively, "defendants") violated the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607 *et seq*, and committed various torts against him when they financed his purchase of the property. Harris seeks damages, an injunction against foreclosure and eviction, and release of all liens against the property. Before the court are [Dkt. ## 4,5] defendants' motions to dismiss the complaint for failure to state a claim upon which relief can be granted.[1] Upon review of the motion, the opposition thereto, and the record of this case, the court concludes that defendants' motion must be granted in part and denied in part.

---

[1]    In its motion to dismiss, MERS joined CMI's motion to dismiss and incorporated by references CMI's memorandum of points and authorities. *See* MERS's Mot. To Dismiss [Dkt. # 5].

## I.     FACTUAL BACKGROUND

The following factual summary assumes Harris's allegations to be true.[2] *See Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 589 (2007).  On June 30, 2005, Harris purchased the property with a $220,000 loan from CMI. Compl. ¶¶ 4, 6, 25[b].[3] "[A]t some point in time," Harris defaulted on his debt obligation, *id.* ¶ 23, and the designated Trustee executed notices of default and sale before executing a trustee's deed in March 2009.  After the default and before the commencement of foreclosure, Harris and CMI entered into loan modification negotiations.  Harris avers that he was "led to believe a loan modification had been reached" and that he sent CMI a check for $3,500, as set forth in the alleged agreement. *Id.* ¶ 29.  He claims that he sent the check in reliance on CMI's representations that such an agreement existed.  Harris allegedly waited for the loan modification documents but never received them.  After the foreclosure, CMI brought an action to evict Harris from the property. *Id.* ¶ 30.

According to Harris, fraud, misrepresentations and other illegal acts marked all stages of these transactions.  He alleges that CMI, without his knowledge, overstated his assets, income, collateral and other financial information in order to qualify Harris for the mortgage. *Id.* ¶¶ 22, 25[b].  CMI also allegedly failed to provide Harris with a Consumer Handbook on Adjustable Rate Mortgages and to disclose to him the negative amortization characteristics of the Adjustable Rate Mortgage loan as well as the interest-only payment feature and other legal obligations, all in violation of TILA and RESPA. *Id.* ¶¶ 28[b]–33[b].  In addition to asserting these statutory violations, Harris claims that defendants had no standing to foreclose on his property, that

---

[2]     In numerous sections of their motion, defendants misstate and mischaracterize these allegations.  The Court reminds defendants that courts treat the alleged facts as true when reviewing motions to dismiss, a well-established standard of review that the defendants themselves reference in their motion. *See* Defs.' Mot. To Dismiss at 7.  Factual disputes are considered at later stages of the litigation.

[3]     Harris's complaint is numbered incorrectly as there are two sets of paragraphs 1–22.  The Court therefore adds a "[b]" to paragraphs that are repeated in number.

defendants were grossly negligent in failing to disclose material terms of the loan, and that they are liable for predatory lending. He also argues that defendants "willfully, wantonly and intentionally concealed these facts and/or documents" from him and that this concealment prevented him from discovering the illegal acts until July 2011. *Id.* ¶¶ 36[b]–37[b]; *see also* ¶¶ 79[b], 81[b], 82[b]. In light of these alleged violations, Harris seeks an injunction against his eviction and defendants' profits earned through "unjust enrichment" as well as other damages.

Harris filed his lawsuit in the Superior Court of the District of Columbia on July 19, 2011. Defendants removed this matter to this Court on September 1, 2011. They now move to dismiss Harris's complaint for failure to state a claim upon which this court can grant relief.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Equal Em't Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 n.3 (D.C. Cir. 1997).

The Federal Rules of Civil Procedure require only that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a plaintiff must set forth in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"[C]ontent that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" meets this plausibility requirement. *Id.* Although "detailed factual allegations" are not necessary to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The defendant bears the burden of proving the plaintiff has failed to articulate a claim upon which relief could be granted. *Kundratic v. Thomas*, 407 F. App'x 625, 626-27 (3d Cir. 2011) (citing *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000); 5B Fed. Prac. & Pro. Civ. § 1357 (3d ed.) ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

### III.   ANALYSIS

**A.   TILA**

Defendants contend that this court lacks subject matter jurisdiction over Harris's TILA claim because he did not file his complaint "within one year from the date of the occurrence of the [alleged] violation," i.e., within one year of closing, as required under § 1640(e) of TILA. *See* 15 U.S.C. § 1640(e). They root their argument in the premise that TILA's statute of limitations is a jurisdictional prerequisite and that, as a result, the court cannot equitably toll the limitations period.[4] Harris disagrees with this proposition, contending that § 1640(e) is not

---

[4] In making this argument, defendants effectively assert a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) as to Harris's TILA and RESPA claims. *See* Fed. R. Civ. Proc. 12(b)(1). Rule 12(b)(1) addresses a court's subject matter jurisdiction to adjudicate a case. Because this inquiry deals with a court's power to hear a plaintiff's claim, a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its authority. *Grand Lodge of Fraternal Order of Police v.*

jurisdictional. Harris further argues that he is entitled to equitable tolling because the defendants concealed their alleged misdeeds from him. The Court agrees with Harris on both counts and addresses them in turn.

**1. State of Limitations and Jurisdiction**

Although the doctrine of equitable tolling "is read into every federal statute of limitations," *Holmberg v. Armbrecht*, 327 U.S. 392, 396–97 (1946), "Congress can set jurisdictional time prerequisites to the entertainment of federal claims." *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1040 (D.C. Cir. 1986). The D.C. Circuit has not yet addressed the question of whether TILA's limitations provision, 15 U.S.C. § 1640(e), is jurisdictional. In deciding this issue, the fundamental inquiry is what Congress intended when it drafted the statute. *Hardin*, 797 F.2d at 1040–41; *King v. California*, 784 F.2d 910, 914–15 (9th Cir. 1986); *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1040–41 (6th Cir. 1984). In *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), the Supreme Court adopted a "clear statement" rule for determining whether a statutory prerequisite to suit is jurisdictional:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id.* at 515–16 (citation omitted).

More recently, the D.C. Circuit addressed this issue in the context of exhaustion of remedies. In *Blackmon–Malloy v. U.S. Capitol Police Bd*, it found that, in light of *Arbaugh*, "direct statutory language" is necessary to hold a statutory requirement jurisdictional.

---

*Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. 2D § 1350). "The plaintiff bears the burden of establishing that the court has jurisdiction." *White v. United States*, 791 F. Supp. 2d 156, 159 (D.D.C ,2011) (quoting *Grand Lodge of Fraternal Order of Police*, 185 F. Supp. 2d at 13).

*Blackmon–Malloy v. U.S. Capitol Police Bd.*, 575 F.3d 699, 705 (D.C. Cir. 2009) ("To make compliance with a statutory provision a prerequisite to federal jurisdiction, a statute must include 'direct statutory language indicating that there is no federal jurisdiction prior to [such compliance].'") (quoting *Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1248 (D.C. Cir. 2004)) (brackets in original).

Applying this "clear statement" rule to § 1640(e) of TILA, this Court does not find unambiguous Congressional intent to link jurisdiction and the limitations period. In full, the section provides:

> (e) Jurisdiction of courts; limitations on actions; State attorney general enforcement
>
> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . . This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

For at least three reasons, the court discerns no clear statement in this language. First, the first clause is permissive rather than definitive: "any action . . . *may* be brought in any United States district court, or in any other court of competent jurisdiction, within one year . . . ." Had Congress intended to terminate the federal cause of action after one year, thereby closing the jurisdiction to the federal courts to all claims filed thereafter, it would have said so in more definitive terms. Second, the title of the section—"Jurisdiction of the courts; limitations on actions; and State attorney general enforcement"—is followed by a substantive section that addresses each of these issues in that order. The Court does not read the title's "Jurisdiction of courts" clause to encompass the "limitations on actions" clause. Instead, they are parallel and best read as related but separable provisions. While the D.C. Circuit inferred a hierarchy as to

RESPA's similarly statute of limitations provision in *Hardin,* (i.e. that the word "Jurisdiction" in the title's section compelled an inference that the statute of limitations discussed in the following section was jurisdictional), *Hardin*, 797 F.2d at 1039, the court does not find this argument applicable or persuasive in the TILA context.[5]

Third, beyond the four corners of § 1640(e), other provisions of TILA, including its stated, remedial purpose, suggest that Congress did not intend for the limitations period to be jurisdictional. Section 1601 of TILA sets forth the purpose of the Act. In relevant part it provides:

> The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit. . .

15 U.S.C. § 1601(a).

This language suggests that Congress sought to protect consumers through disclosure and to guard against any divergent and fraudulent practices stemming from uninformed use of credit. *See Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 363–64 n.18, 19 (1973) (citing H.R. Rep. No. 1040, 90th Cong., 1st Sess., 13 (1967); S. Rep. No. 392, 90th Cong., 1st Sess. 1–2 (1967) U.S. Cong. & Admin. News 1968, p. 1962). In this vein, the court finds persuasive the Eleventh Circuit's reasoning in *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703 (11th Cir. 1998). There, the majority concluded that a reading which made the limitations period a

---

[5] In dicta, the *Hardin* court suggested that § 1640(e) was jurisdictional. However, as the court in *Hughes v. Abell*, 794 F. Supp. 2d 1 (D.D.C.2010), points out, *Arbaugh* subsequently established a clear statement standard. Therefore, the court does not read Hardin's analysis to control this case.

7

jurisdictional prerequisite "would lead to the anomalous result that a statute designed to remediate the effects of fraud would instead reward those perpetrators who concealed their fraud long enough to time-bar their victims' remedy." *Id.* at 706.  Therefore, this Court, like the *Ellis* majority, "cannot believe this was Congress' intent." *Id.*  The Sixth Circuit reached the same conclusion when it found that "[o]nly if Congress clearly manifests its intent to limit the federal court's jurisdiction will it be precluded from addressing allegations of fraudulent concealment which by their very nature, if true, serve to make compliance with the limitation period imposed by Congress an impossibility." *TransOhio Savings*, 747 F.2d at 1041.  Section 1640(e) does not manifest such an intent.

Thus, in light of *Arbaugh*'s mandate, the text of § 1640 (e), and the purpose of TILA, the court concludes that the Act's limitations provision is not jurisdictional.  In so holding, it joins other courts in this district as well as other the Circuit Courts of Appeals cited above.  *See Hughes*, 794 F. Supp. 2d 1, *Ellis*, 160 F.3d at 706; *King*, 784 F.2d at 914–15; *Jones*, 747 F.2d at 1040–41; *but see George v. Bank of Am., N.A.*, 821 F.Supp.2d 299, 302; *Griffith v. Barnes*, 560 F.Supp.2d 29, 36–37 (D.D.C. 2008).

### 2. Harris Has Plead Sufficient Facts to Warrant Equitable Tolling at this Stage of the Litigation

The doctrine of equitable tolling may suspend the limitations period until the borrower discovers or had a reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.  *See King*, 784 F.2d at 915.  "Courts may allow equitable tolling of a statute of limitations where a claimant has received inadequate notice of the facts that form the basis for his claim." *Chen v. Bell-Smith*, 768 F. Supp. 2d 121, 149 (D.D.C. 2011) (citations and quotations omitted); *Freeman v. FDIC*, 56 F.3d 1394, 1405 n.2 (D.C. Cir. 1995).  There is a high hurdle for equitable tolling, allowing a statute to be tolled "only in extraordinary and carefully

8

circumscribed instances." *Norman v. U.S*, 467 F.3d 773, 776 (D.C. Cir. 2006) (citing *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) (internal quotation marks omitted). As the Supreme Court has explained, "[f]ederal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where . . . the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990) (footnote omitted). Meant to "ensure[ ] that the plaintiff is not, by dint of circumstances beyond his control, deprived of a reasonable time in which to file suit," *Chung v. DOJ*, 333 F.3d 273, 279 (D.C. Cir. 2003) (internal quotation marks omitted), equitable tolling is unwarranted where a litigant has "failed to exercise due diligence in preserving his legal rights," *Irwin*, 498 U.S. at 96; see also *Smith–Haynie*, 155 F.3d at 580. At the same time, the Supreme Court has repeatedly applied equitable tolling to statutes of limitations to prevent unjust results or to maintain the integrity of a statute. *See Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 349–50 (1874) (Bankruptcy Act of 1867); *Exploration Co. Ltd. v. United States*, 247 U.S. 435, 449–50 (1918) (Act of March 3, 1891, 26 Stat. 1093, to vacate land patents); *Holmberg v. Armbrecht*, 327 U.S. 392, 396–97 (1946) (Federal Farm Loan Act); *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 234–35 (1959) (Federal Employers' Liability Act). *Cf. Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982) (Title VII time requirement for filing charges with Equal Employment Opportunity Commission).

Here, Harris claims that he did not discover the alleged fraudulent nature of the transaction until July 2011. He also alleges, albeit with barely sufficient facts, that he exercised all due diligence is ascertaining these violations. Accepting his factual allegations as true—as it must at this stage of the litigation, *St. Francis*, 117 F.3d at 625—the court concludes that Harris

9

has plead sufficient facts to warrant equitable tolling. As a result, the court declines to dismiss Harris's TILA's claim as time-barred.[6]

## B.    Harris's RESPA Claim Is Time-Barred and Must Therefore Be Dismissed

Harris alleges that defendants violated RESPA when they failed to provide Harris with required documents and charged prohibited fees. Defendants contend that this count must be dismissed because RESPA's statute of limitations, which is jurisdictional, has expired. Harris responds that he is entitled to equitable tolling for the same reasons that this equitable remedy is proper under TILA. He is wrong.

RESPA provides that "[a]ny action pursuant to the provisions of section . . . 2607 . . . of this title may be brought . . . within 1 year . . . from the date of the occurrence of the violation." *See* 12 U.S.C. § 2614. "[D]ate of the occurrence" in § 2614 refers to the date of the closing. *See Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003); *see also Palmer v. Homecomings Fin., LLC*, 677 F. Supp. 2d 233, 237–38 (D.D.C. 2010) (explaining that "[a] cause of action under § 2607 accrues on the date of the closing"). It is undisputed that the closing in this case occurred in 2005, and that Harris filed this lawsuit in 2011—six years after the closing. Therefore, the one-year limitations period has lapsed and the claim is time-barred. Equitable tolling is not available for this claim because, unlike its indirect treatment of TILA's limitations period in dictum, the D.C. Circuit has definitively held that RESPA's statute of limitations is

---

[6]    The Court will not consider defendants' Doctrine of Laches argument because it was advanced for the first time in their reply brief, thereby depriving Harris of an opportunity to render a meaningful response. *See Council on American-Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 337 (D.D.C. 2011) (quoting *Baloch v. Norton*, 517 F. Supp. 2d 345, 348 (D.D.C. 2007) ("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court [may] either ignore those arguments . . . or provide the non-movant an opportunity to respond."), aff'd, 550 F.3d 1191 (D.C. Cir. 2008)). In any event, defendants failed to attach the letter they reference as support for this defense.

jurisdictional and that, as a result, courts may not toll the period in equity. *Hardin*, 797 F.2d at 1039–40. Therefore, this Court lacks jurisdiction to entertain Harris's RESPA claim, and it must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

### C. Harris's Injunction, Quiet Title, and Unjust Enrichment Causes of Action Must be Dismissed

Defendants assert that Harris has failed to state a claim under Rule 12(b)(6) in his counts for an injunction, quiet title, and unjust enrichment. With regard to injunction and quiet title, they claim that such counts are not causes of action but rather remedies to which he would only be entitled if he prevail in his other, underlying claims. As to unjust enrichment, defendants maintain that Harris has not pled necessary elements of such a claim – i.e. that *he* has conferred a benefit upon the defendant or breach of a contractual term. Harris fails to respond to these arguments, except to contend that he has met Rule 8 and Rule 9 pleading requirements. Because this response fails to address to defendants' assertions, it concedes them. *See, e.g., Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion . . . addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."); *Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ( "If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.") (citation omitted); *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003). The Court therefore dismisses these counts. Injunctive and equitable relief may still be available remedies should Harris prevail on one of his underlying claims.[7]

---

[7] As well, Harris has conceded that defendant CMI has standing to foreclose upon the property**.** In his complaint, Harris stated that the Dead of Trust and the mortgage were "separated from each other" as a result of the securitization of the loan, Compl. ¶ 34, and that

11

**D.     Harris's Gross Negligence Claim Is Not Time-Barred**

Harris alleges that defendants breached their general duty of good faith and fair dealing when they failed to disclose certain key information about the loan terms to Harris and when they knowingly concealed this information from him.  Defendants argue the statute of limitations bars Harris's gross negligence claim for two reasons. First, they contend that because the gross negligence claim is substantively the same as Harris's TILA and RESPA claims, it must similarly be time-barred on jurisdictional grounds.  Second, they maintain that the claims are time-barred by the default three-year statute of limitations that applies in the District of Columbia.  In response, Harris repeats the uncontested point that the statute of limitations is three years.  This paltry response verges on fatally deficient.  However, because Harris has plead sufficient facts to toll his TILA claim (for purposes of surviving dismissal at this stage of the litigation) and because the same facts regarding concealment support tolling for his negligence claim, the court will not regard his argument as conceded.  Beyond asserting a statute of limitations defense, defendants have not challenged the merits of his negligence claim, and the court will not craft such arguments for them.  *See Langley v. Napolitano*, 677 F. Supp. 2d 261, 270 (D.D.C 2010).

**E.     Harris's Predatory Lending Claim is Not Time-Barred**

Finally, defendants argue that Harris's predatory lending claim—presumably made under the District of Columbia's Consumer Protection Procedures Act, D.C. Code §§ 28–3901, *et*

---

because the Pooling and Servicing Agreement ("PSA") required them to be united, defendants lack standing to foreclose. *Id.* ¶¶ 34–36.  Defendants dispute each of these claims, contending that CMI can establish standing "by virtue of its possession of the original note; the lien was perfected by recordation with the District of Columbia Land Records; and no release was filed prior to the foreclosure deed." Defs.' Mot. To Dismiss at 9.  As a result, defendants argue, "CMI had standing to proceed upon its lien, and was the purchaser at the foreclosure sale." *Id.*  In his opposition brief, Harris fails to respond to any of their arguments.  Therefore, the court denies his standing argument. *Hopkins*, 238 F. Supp. 2d at 178.

*seq*—must fail because it "merely recites the statutory language of the District of Columbia's Predatory Lending Statute" and that, in any event, it should be dismissed because the applicable statute of limitations has expired.[8]  Defs.' Mot. To Dismiss at 13.  Harris disagrees.  Consistent with their argumentation throughout their pleadings, both parties advance largely deficient and incongruous claims in support of their positions.  Based on the meager papers before it, the court concludes that, at this early stage of the litigation, Harris has met the pleading burden, albeit just barely.  As well, defendants have not met their burden in showing that his allegations do not state a claim for relief.  Because "detailed factual allegations" are not necessary to survive a motion to dismiss, *Twombly*, 550 U.S. at 555, and because Harris's complaint supplies just enough facts to rise about a "formulaic recitation of the elements of a cause of action" that *Twombly* deems insufficient, the court declines to dismiss this claim.  *Id*.  As well, Harris has alleged sufficient facts that, for the same reasons recounted above, support equitable tolling of his claim.  Therefore, his predatory lending claim will survive defendant's motion to dismiss it.

## IV.  CONCLUSION

For the foregoing reasons, the court concludes that [Dkt. ## 4,5] defendants' motion must be granted as to Harris's RESPA, injunction, quiet title, and unjust enrichment claims.  The motion must be denied as to Harris's TILA, gross negligence and predatory lending claims.  An appropriate Order accompanies this Memorandum Opinion.

Signed July __, 2012.

---

[8]  Defendants also contend that Harris's predatory lending claim "does not pass the modern FRCP 8(a) 'notice pleading' standard as modified by Iqbal and Twombly."  Harris responds in opposition that he has met Rule 8 standards.  In reply, defendants argue that Harris's failure to defend his claim on Rule 12(b)(6) grounds concedes their argument for dismissal.  The incongruity of defendants' argumentation is glaring.  Harris conceded nothing by responding to the defendants'—albeit incorrectly stated and insufficiently supported— arguments in support of their motion for dismissal.  As a result, the court will not treat Harris's argument as conceded.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE